United States District Court
Southern District of Texas
ENTERED

JUL 23 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 23 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DALE STOCKTON, d/b/a STOCKTON CHARTERS, Plaintiff § § § § | |
| VS. § | |
| M/V FISH TALES, Official No. 639514, her engines, nets, tackle, apparel, and furniture, in rem, and RUSSELL STOCKTON, in personam, Defendants § § § § § § § | CIVIL ACTION NO. B-98-105 |

## ORDER REDESIGNATING SUBSTITUTE CUSTODIAN

ON THE __23rd__ day of July, 1998 came on to be considered the Plaintiff's Motion For Redesignation Of Substitute Custodian in the above-styled and numbered cause, and the Court having considered same is of the opinion that said Motion should be granted. It is therefore

ORDERED, ADJUDGED AND DECREED

1) That MARINE SALVAGE & SERVICES, INC. be designated as Substitute Custodian of the Vessel, FISH TALES, in the place and stead of Plaintiff, DALE STOCKTON, d/b/a STOCKTON CHARTERS;

2) That subsequent to the seizure of the Defendant Vessel, FISH TALES, Official No. 639514, by the United States Marshal for the District, that said Marshal relinquish

ORDER - PAGE 1

the custody and control of said Vessel to MARINE SALVAGE &SERVICES, INC., to remain under its care, custody, and control under the jurisdiction and in the custody of this Court pending final determination of this cause;

3) That MARINE SALVAGE & SERVICES, INC. during the term and period prescribed, be the keeper and custodian of the said Vessel, her engines, tackle, apparel, furniture, etc. for the above-entitled Court, preserving at all times the integrity of the Vessel and the continuing jurisdiction of this Honorable Court;

4) That this Court retain custody of the Vessel through the Custodian above named; the Custodian insuring that there is adequate hull and liability insurance, naming the U. S. Marshal and Plaintiff as additional insureds.

5) That said Custodian be GRANTED LEAVE to move the Defendant Vessel to its facility in Port Isabel, Texas if it is determined by said Custodian to be the safer facility for the care and custody of said Vessel rather than at the facility of the Plaintiff herein;

6) That said Custodian make the Defendant Vessel available to the Court and the United States Marshal at least one (1) week before any Marshal's Sale which may be subsequently ordered;

ORDER - PAGE 2

7) That said Custodian surrender said Vessel to any purchaser at a subsequent foreclosure sale; and

8) That all expenses of safekeeping of the Vessel FISH TALES, Official No. 639514, while under seizure, be allowed as court costs.

It is further ORDERED that all other provisions of the Order for Arrest And Seizure Of Vessel And Appointment Of Substitute Custodian entered by this Court on July 17, 1998 remain in full force and effect. A copy of said Order is attached hereto and made a part hereof for all purposes as EXHIBIT A.

DONE this 23rd day of July, 1998 at Brownsville, Texas.

JUDGE PRESIDING

ORDER - PAGE 3